# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA GRANT,<br><br>    Plaintiff<br><br>v.<br><br>CONCORD HOSPITALITY ENTERPRISES COMPANY, LLC,<br><br>    Defendant. | Civil Action No. 21-1082 (CKK) |

# ORDER
(March 15, 2022)

Plaintiff Gloria Grant brings this wage theft and discrimination action against Defendant Concord Hospitality Enterprises Company, LLC ("Defendant" or "Concord") pursuant to the District Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.1 *et seq.*, respectively. Before the Court is Defendant's [17] Motion for Judgment on the Pleadings. Because Defendant has confused and misapplied the standard applicable to such a motion throughout its memorandum in support of its Motion, the Court shall **DENY WITHOUT PREJUDICE** the [17] Motion and offer Defendant an opportunity to brief a motion for judgment on the pleadings using the correct standard.

Defendant correctly states that, to prevail on a motion for judgment on the pleadings, the movant must show that "no material issue of fact remains to be resolved, and [the movant] is clearly entitled to judgment as a matter of law." *Montanans for Multiple Use v. Barbouletos*, 542 F. Supp. 2d 9, 13 (D.D.C. 2008). Defendant's motion focuses more, however, on the misleading statement of law that, "[i]n evaluating a motion for judgment on the pleadings under [Rule 12(c)], courts employ the same standard that governs a Rule 12(b)(6) motion to dismiss."

*Lans v. Adduci Mastriani & Schaumberg L.L.P.*, 786 F. Supp. 2d 240, 265 (D.D.C. 2011). For example, Defendant states that it moves for judgment on the pleadings because Plaintiff "fails to [] state a plausible claim against Concord." ECF No. 17-1 at 3. At other places in the Motion, Defendant argues that Plaintiff "has failed to plead the necessary elements" to entitle Plaintiff to relief. *Id.* at 15. By focusing its Motion on the sufficiency of the complaint, Defendant frames it more as a Rule 12(b)(6) motion, which is "'a method of testing the sufficiency of the statement of the claim for relief.'" *Murphy v. Dep't of Air Force*, 326 F.R.D. 47, 48 (D.D.C.) (Brown Jackson, J.).

A motion for judgment on the pleadings, on the other hand, "relates to the *merits* of the claims in the complaint; it 'has its historical roots in common law practice, which permitted either party, at any point in the proceeding, to demur to his opponent's pleading and secure a dismissal or final judgment on the basis of the pleadings.'" *Id.* (quoting 5B Wright & Miller, Fed. Practice & Proc. § 1349 (3d ed. 2004)). The two are not "indistinguishable and interchangeable," *id.* at 49, despite Defendant's frequent use of case law from the motion-to-dismiss stage to support Defendants' arguments in the instant Motion that Plaintiff fails to state certain claims. The Court of Appeals for the District of Columbia Circuit's direction that, to support a Rule 12(c) motion, "the moving party [must] demonstrate that no material fact is in dispute and that it is entitled to a judgment as a matter law," *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008), actually "comes closer to a summary judgment type of determination" and must be briefed as such, *see Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 84 (D.D.C. 2018).

Although Defendant might have wanted to move for dismissal on 12(b)(6) grounds, Defendant lost that opportunity by filing an answer. *See Lewis v. Schafer*, 571 F. Supp. 2d 54,

57 (D.D.C. 2008). Because the instant Motion reads much more like a motion to dismiss than a motion for judgment on the pleadings, the Court cannot resolve it on the present record. Accordingly, the Court shall offer Defendant another opportunity to move for judgment on the present pleadings, explaining not why Plaintiff's complaint fails to state certain claims, but why Defendant is due judgment as a matter of law.

Accordingly, it is hereby

**ORDERED**, that Defendant's [17] Motion for Judgment on the Pleadings is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED**, that Defendant may file a revised motion for judgment on the pleadings on or before April 12, 2022. If Defendant does not file such a motion, the Court will set a scheduling conference to proceed to discovery.

**SO ORDERED**.


Dated: March 15, 2022

                                              /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge